**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shane Gibbons, et al., | No. CV-25-00378-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Pinal County Sheriff's Office, et al., | |
| Defendants. | |

Plaintiffs Shane Gibbons and Bernard Campbell brought six claims in Arizona state court against Pinal County, the Pinal County Sheriff's Office, and Deputy J. Benigno (collectively, "defendants"), arising from a car crash. Plaintiffs allege Benigno violated their constitutional rights when his vehicle crashed into theirs. Defendants removed this case to federal court and filed an answer. Defendants now bring a motion for judgment on the pleadings seeking dismissal of all claims. Plaintiffs' claims are dismissed without leave to amend.

**I.   Background**

On November 13, 2023, Gibbons was driving southbound on State Route 87 with Campbell as a passenger. (Doc. 1 at 16.) Benigno was driving southbound on the same highway ahead of them. (Doc. 1 at 16.) "Suddenly, and without warning, Deputy Benigno initiated an improper U-turn . . . causing Plaintiff Gibbons to slam on his breaks [sic]." (Doc. 1 at 17.) Gibbons could not avoid the collision and struck the driver's side of Deputy Benigno's vehicle. (Doc. 1 at 17.) As a result, Gibbons and Campbell sustained physical

injuries that required medical care. (Doc. 1 at 16.) Plaintiffs do not allege Benigno intended to cause the accident.

## II. Legal Standard

The standard for deciding a motion for judgment on the pleadings under Rule 12(c) is "substantially identical" to that of a motion to dismiss under Rule 12(b)(6). *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This is not a "probability requirement," but a requirement that the factual allegations show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663–64.

## III. Analysis

Plaintiffs bring two 42 U.S.C. § 1983 claims. One claim is against Benigno, and it alleges the manner in which he operated his vehicle violated plaintiffs' rights under the Fourth and Fourteenth Amendments. (Doc. 1 at 17.) The other is a *Monell* claim against Pinal County for failing "to adequately train, supervise, or discipline its deputies." (Doc. 1 at 17.) Both are dismissed because the complaint fails to plead allegations crucial to each type of claim.

Plaintiffs claim Benigno's "action in making an unlawful and reckless U-turn with[out] warning constituted a violation of Plaintiffs' right to be free from unreasonable seizures under the Fourth Amendment." (Doc. 1 at 17.) A Fourth Amendment seizure only occurs when a government actor terminates an individual's freedom of movement "*through means intentionally applied.*" *Brower v. Cnty. of Inyo*, 489 U.S. 593, 597 (1989). For example, "if a parked and unoccupied police car slips its brake and pins a passerby against

1    a wall, it is likely that a tort has occurred, but not a violation of the Fourth Amendment."
2    *Id.* at 596. So, "[w]here a citizen suffers physical injury due to a police officer's negligent
3    use of his vehicle, no section 1983 claim is stated." *Checki v. Webb*, 785 F.2d 534, 538 (5th
4    Cir. 1986); *see also Apodaca v. Rio Arriba Cnty. Sheriff's Dep't*, 905 F.2d 1445, 1447
5    (10th Cir. 1990) ("[N]egligent operation of a vehicle by a police officer does not rise to the
6    level of a constitutional violation . . . .").

7    Plaintiffs have not alleged Benigno intended to crash his car into them (*see* Doc. 1
8    at 15–19), so his negligent or even grossly negligent driving did not violate their Fourth
9    Amendment rights. That portion of plaintiffs' § 1983 claim is therefore dismissed.

10   Benigno also allegedly "acted with deliberate indifference to Plaintiffs' safety,
11   violating Plaintiffs' substantive due process rights under the Fourteenth Amendment."
12   (Doc. 1 at 17.) For plaintiffs to adequately plead a Fourteenth Amendment claim they must
13   show Benigno's "conduct 'shock[ed] the conscience.'" *Nicholson v. City of Los Angeles*,
14   935 F.3d 685, 692 (9th Cir. 2019). "[C]ourts have developed two methods for defining
15   conscience-shocking conduct: the deliberate-indifference test and the purpose-to-harm
16   test." *Est. of Soakai v. Abdelaziz*, No. 23-4466, 2025 WL 1417105, at *3 (9th Cir. May 16,
17   2025). A court must "decide which test to apply by ask[ing] whether the circumstances are
18   such that actual deliberation [by the officer] is practical." *Id.* (simplified). Actual
19   deliberation is practical where there are "extended opportunities to do better" but not when
20   "unforeseen circumstances demand an officer's instant judgment[.]" *Calonge v. City of San*
21   *Jose*, No. 22-16495, 2024 WL 2874226, at *1 (9th Cir. June 7, 2024).

22   The limited facts plaintiffs supply do not make clear whether Benigno had time to
23   "actually deliberate" his U-turn. But regardless of whether plaintiffs must show Benigno
24   had a "purpose to harm" them or that he was "deliberately indifferent" toward their harm,
25   they have not successfully pleaded either. They merely allege Benigno's U-turn was
26   "sudden[ ] and without warning[.]" (Doc. 1 at 17.) They then conclude—with no other
27   factual support—that Benigno "acted with deliberate indifference to [their] safety[.]" (Doc.
28   1 at 17.) Conclusory allegations like these are insufficient to support a claim at the pleading

1  stage. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action,
2  supported by mere conclusory statements, do not suffice" to survive a motion to dismiss).

3        And even under the least stringent of the two standards, deliberate indifference,
4  plaintiffs would have to show Benigno "disregarded a known or obvious consequence of
5  his action" to prevail on their Fourteenth Amendment claim. *Nicholson v. City of Los
6  Angeles*, 935 F.3d 685, 692–93 (9th Cir. 2019) (*quoting Patel v. Kent Sch. Dist.*, 648 F.3d
7  965, 974 (9th Cir. 2011)). Given the facts provided, it cannot be said Benigno
8  "disregarded" the "known or obvious consequence" of his U-turn. As a result, plaintiffs'
9  Fourteenth Amendment claim under § 1983 fails and defendants' motion for judgment on
10 the pleadings as to that claim is granted.

11       Plaintiffs also bring a *Monell* claim against Pinal County (*see* Doc. 1 at 17–18). *See
12 Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). To state a *Monell* claim, plaintiffs
13 must allege (1) they "had a constitutional right of which [they were] deprived; (2) the
14 municipality had a policy; (3) the policy amounts to deliberate indifference to [their]
15 constitutional right; and (4) 'the policy is the moving force behind the constitutional
16 violation.'" *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (quoting
17 *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011)).

18       As discussed above, plaintiffs have not plausibly pleaded they had a constitutional
19 right of which they were deprived. So, they have failed to meet the first element of a *Monell*
20 claim and it is therefore dismissed.

21       The complaint does not make clear which claim or claims the respondeat superior
22 theory alleged in Count 3 refers to. (Doc. 1 at 4.) To the extent plaintiffs meant to assert
23 respondeat superior as a theory of liability related to their § 1983 claim, that attempt fails
24 because such a theory is not viable. *See Taylor v. List*, 880 F.2d 1040 (9th Cir. 1989)
25 ("There is no respondeat superior liability under section 1983.") (citation omitted).

26       Because the relevant events involved (at most) allegedly grossly negligent driving
27 by Benigno, plaintiffs would not be able to amend their complaint to state a § 1983 claim.
28 *See Marin v. Eidgahy*, No. 10 CV 1906 MMA RBB, 2012 WL 928250, at *8 (S.D. Cal.

Mar. 19, 2012) ("violation of one's civil rights under section 1983 is an intentional tort; Plaintiff cannot bring a section 1983 claim based on negligence"). The federal claims are therefore dismissed without leave to amend.

**IV.     State Law Claims**

Plaintiffs bring state-law claims for respondeat superior (to the extent it can be alleged as a state law claim), negligent hiring/training/supervision, negligence, and gross negligence arising out of the same car crash. (Doc. 1 at 18–19.) These claims are barred by the statute of limitations.

The car accident occurred on November 13, 2023 (Doc. 1 at 16) and this lawsuit was filed on November 14, 2024 (Doc. 1-4 at 7). "All actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward." A.R.S. § 12-821. "[A] cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know" the cause of the damage. A.R.S. § 12-821.01(B). To be timely, plaintiffs should therefore have filed their lawsuit "within one year after" November 13, 2023, the date the accident occurred.

Plaintiffs argue their state claims are not time-barred because they filed this lawsuit "less than 365 full days after" the car crash—pointing out the car crash was at 7:15 p.m. on November 13, 2023, and the lawsuit was filed at 4:44 p.m. on November 14, 2024. (Doc. 15 at 7–8.) They cite no case law for their contention that the statute gives them 365 "full days" (*i.e.*, a day consisting of 24 hours from the time of the accident and 365 days thereafter) rather than a calendar year. Factually, because 2024 was a leap year, their complaint would be a day too late even if "365 full days" was the standard. Legally, the Arizona Court of Appeals has "consistently stated in cases which have decided that a partial day may be considered a 'day' that the law takes no notice of fractions of a day and deems any fraction of a day to be a 'day.'" *Maciborski v. Chase Serv. Corp. of Arizona*, 779 P.2d 1296, 1301 (Ariz. Ct. App. 1989) (collecting cases). Some other statutes refer to "full days" rather than calendar days, *see BSI Holdings, LLC v. Arizona Dep't of Transportation*, 417 P.3d 782, 785–86 (Ariz. 2018), but plaintiffs do not argue that is the case with A.R.S. § 12-

- 5 -

821 and could not credibly do so based on the statutory text. Finally, despite defendants' motion raising the statute of limitations, plaintiffs failed to argue equitable tolling or any other exception that could apply (*see* Doc. 15 at 8–9). Any such argument is therefore waived. *See Sunrhodes v. Byrne*, 693 F. App'x 583, 584 (9th Cir. 2017); *Aparicio v. Baker*, 544 F. App'x 684, 685 (9th Cir. 2013).

Because plaintiffs' state-law claims were filed outside the statute of limitations, granting leave to amend would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Accordingly, plaintiffs' state-law claims are dismissed without leave to amend.

## V.     Conclusion

Plaintiffs' § 1983 claims are dismissed because they have not plausibly pleaded a violation of their Fourth or Fourteenth Amendment rights. As a result, plaintiffs are also unable to plausibly plead a *Monell* claim. These claims are dismissed with prejudice because plaintiffs are unable to plausibly plead such claims based on Benigno's (at most) negligent driving. To the extent plaintiffs' respondeat superior count incorporated their § 1983 claim, it is dismissed with prejudice because such a theory of liability is not viable. The state-law claims are dismissed with prejudice because plaintiffs did not comply with the statute of limitations.

Accordingly,

**IT IS ORDERED** defendants' motion for judgment on the pleadings (Doc. 12) is **GRANTED** and plaintiffs' claims are **DISMISSED**. The Clerk of Court shall enter judgment in favor of defendants and close this case.

Dated this 17th day of June, 2025.

Honorable Krissa M. Lanham
United States District Judge